By the Court.
O’Gorman, J.
The defendant contends in this case that the learned trial judge erred in denying the motion to dismiss the complaint, and also in denying certain requests to charge made by the defendant’s counsel, and denying also a motion for a new trial.
When the plaintiff rested his case, the trial judge would not have been justified in holding, as matter of law, that the plaintiff had not shown that he was free from negligence, and that-the defendant had been guilty of negligence which caused the disaster, and in refusing to submit the case to the jury on the evidence.
The facts, as they then appeared, were, that the plaintiff, desiring to get on board a car of the defendant going north, at the Forty-first street station, and at that moment following at the heels of others who were hurrying on the car, which had then stopped at the station to admit passengers, while in the act of putting his foot on the front platform of the third car in the train, and holding the railing by his hand, was prevented from making his footing good by the act of the conductor on the platform, who, at the same moment, endeavored to close, and i partly closed the gate, catching plaintiff’s right foot under it. The car had not, at that time, begun to move. The *93 conductor’s arm was raised as if to take hold of, or as if actually holding the bell rope, but no bell had been rung, nor was any ringing, and no signal was given that the train was immediately to move, or that the proper and safe time to get on board of it, had passed. The train did move, while the plaintiff’s foot was thus caught by the gate, which even then was not wholly closed, and the plaintiff was pulled on to the platform by the conductor and the passengers standing on the platform, where he fell down receiving severe injuries.
It is hard to see what had happened to give the plaintiff any warning that the proper time to get on the car had passed. The gate to the platform was open. Other persons immediately preceding the plaintiff, were in the act of getting on the platform. The fact that the conductor had his hand raised on the bell rope, in view of the plaintiff was not an intelligible signal that it was too late for plaintiff to get on board, or that the conductor would not wait until the few seconds would have elapsed, during which the plaintiff’s entry on the platform could have been safely completed; or that the conductor, regardless of plaintiff’s effort to get onboard, would have endeavored to shut the gate against him. No negligence of the plaintiff appears in this evidence, which contributed to the accident. He seems to have taken all the ordinary measures to put to its proper use, the right to ride on the defendant’s car, for which he had just paid, and certainly the defendant was bound to give him reasonable opportunity and facilities to get on the car.
■ The duty of a railway company, professing to provide rapid transit, of making short stops at their stations, would naturally impose on them the duty of giving to passengers, for their safety, clear and intelligible signals indicating when it had ceased to be safe or prudent to board the train.
The defendant’s exceptions were not well taken, either to the rulings or charge of the trial judge.
The case was submitted to the jury, as it ought to have *94 been, on all the evidence, and their evidence should not be disturbed.
The judgment and order appealed from should be affirmed, with costs.
Sedgwick, Ch.-J., concurred.